# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GREG McBROOM, *et al.,* | |
| Plaintiffs, | Case No. 2:10-cv-00093-JCM-PAL |
| vs. | **ORDER** |
| DHI MORTGAGE COMPANY, LTD., *et al.,* | (Motion to Compel Discovery - #13) |
| Defendants. | |

The court conducted a hearing on Defendant Wells Fargo's Motion to Compel Discovery (Dkt. #13) on July 6, 2010 at 10:45 a.m.  Cassie Stratford appeared on behalf of Defendant Wells Fargo. Kevin Hahn appeared telephonically on behalf of Defendant MTC Financial Inc.  Neither the Plaintiffs nor their counsel appeared.

The Motion seeks to compel the Plaintiffs to produce the mandatory disclosures required by Federal Rules of Civil Procedure 26(a)(1).  The parties conducted their Rule 26(f) conference March 5, 2010.  Wells Fargo provided copies of its mandatory disclosures on March 19, 2010.  However, the Plaintiffs have not produced their mandatory disclosures.  The motion, which is supported by the declaration of counsel for Wells Fargo, indicates the efforts made by counsel for Wells Fargo to obtain Plaintiffs' mandatory disclosures without the necessity of filing this motion.  The Plaintiffs have not responded to the motion or served the disclosures since the motion was filed.

Federal Rules of Civil Procedure 26(a) requires a party to make the initial disclosures described by Rule 26(a)(1)(A)(i-iv) without awaiting a discovery request.  The Plaintiffs have not served the required disclosures or responded to the motion to compel.  Rule 37(a)(3)(A) permits a party to file a motion to compel the disclosures required by Rule 26(a).  Local Rule 7-2(d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to

the granting of the motion." The motion to compel is therefore GRANTED and Plaintiffs are compelled to provide the initial disclosures required by Rule 26(a). Additionally, Rule 37(a)(5)(A) provides, if a motion to compel initial disclosures is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless any of the provisions of Rule 37(a)(5)(A)(i-iii) apply. Accordingly, having reviewed and considered the matter,

IT IS ORDERED that:

1. Wells Fargo's Motion to Compel Discovery (Dkt. #13) is **GRANTED** and Plaintiffs shall serve the mandatory disclosures required by Rule 26(a)(1) no later than July 16, 2010.

2. Counsel for Wells Fargo shall have until July 8, 2010 in which to file a memorandum of costs and attorney's fees. The memorandum shall contain an itemization of attorney's fees and costs claimed; the time spent in preparing the motion, notice of non-opposition and attending the hearing; counsel's hourly rate; and whether the hourly rate charged in this case is counsel's customary fee for similar services.

3. Plaintiffs shall have ten days from service of the memorandum of costs and fees in which to file a response challenging the reasonableness of the costs and fees sought and asserting any of the grounds permitted by Rule 37(a)(5)(A)(i-iii) why sanctions should not be imposed.

4. Failure to timely comply with this order may result in the imposition of additional sanctions up to and including case dispositive sanctions for failing to cooperate in discovery and failing to comply with the court's order.

Dated this 6th day of July, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE